## STATE v. OSCAR BIERBAUER.[1]

May 20, 1910.

Nos. 16,591—(29).

**Indictment for forgery.**

> It is not necessary, in an indictment for forgery, to set out extrinsic matter concerning the execution of the forgery, and an allegation in the indictment that defendant did utter, dispose of, and put off as true was adequate.

**Same — bill of lading.**

> A bill of lading was an "instrument or writing," within R. L. 1905, §§ 5051, 5060, punishing forgery of instruments not negotiable, as well as negotiable instruments.

Defendant was indicted in the district court for Blue Earth county for the crime of forgery in the second degree in that he did utter, dispose of and put off as true to the National Citizens Bank of Mankato a certain false and forged contract and shipping receipt for 600 sacks of malt. He demurred to the indictment on the

[1]Reported in 126 N. W. 406.

111 M.—9.

grounds that the facts did not constitute a public offense; that if every allegation were true there would be no public offense set forth; that upon the stated facts there could be no indictment drawn that would allege a public offense; and that the instruments attached to the indictment, if genuine, upon their face would not have any legal effect against any person in the hands of the bank named and by reason thereof would not be subject to forgery. The demurrer was overruled and, at the request of defendant, the question was certified to the court. Affirmed.

*George T. Simpson,* Attorney General, *Clifford L. Hilton,* Assistant Attorney General, and *Walter A. Plymat,* County Attorney, for the State.

*C. L. Benedict,* for defendant.


PER CURIAM.

Defendant was indicted of the crime of forgery in the second degree. Defendant's demurrer was overruled. At the request of defendant the trial court certified this case to this court so far as necessary to present the questions of law.

The indictment set forth: The defendant at the time and place stated "did utter, dispose of, and put off as true" to a named bank "a certain false, fraudulent and forged contract and shipping receipt." That receipt was then set forth in full. It was in the usual form, and bore upon it the statement that it was not negotiable. It was further alleged that this was "with the intent then and there had by the said [defendant] to defraud said bank, and the said [defendant] then and there well knowing that the said contract and shipping receipt was false and a forgery, and the false making of which said contract and shipping receipt is punishable as forgery in the second degree, contrary to the form of the statute," etc.

In support of the demurrer to the indictment the defendant urged the following considerations:

First. That the bill of lading set forth in the indictment was not such an instrument upon its face that any one could be defrauded by it, for the reason that the same was nonnegotiable.

Second. That in the matter of the uttering or disposing of, or

putting off of, the said bill of lading the indictment should have contained allegations setting out extrinsic matters, in order to bring the uttering, disposing of, or putting off of the same within the statutes.

Third. That the bill of lading, standing alone, without any allegations setting out extrinsic matters sufficient to bring the uttering, disposing of, or putting off of the same within the statute, is not sufficient.

Fourth. That in order to bring the uttering, disposing of, or putting off as true of the said bill of lading within the statutes, the indictment should have alleged a valid assignment of said bill of lading to the National Citizens Bank.

Fifth. That the mere handing to the National Citizens Bank of said bill of lading by the defendant is not a valid assignment of the same, nor one that would bring the uttering, disposing of, and putting off of the same within the statutes.

Sixth. That the bill of lading is not an instrument on its face that any one could be defrauded by taking the same, for the reason that it is so incomplete in its contents.

It is evident that the conclusion of the trial court was correct. It was not necessary to set out extrinsic matter concerning the execution of the forgery, on the same principle that it is not necessary to plead evidence. The allegation in the indictment that the defendant "did utter, dispose of, and put off as true" was adequate. It corresponds to the ordinary allegation in the common counts as to goods "sold and delivered." The indictment contained a statement of the ultimate facts in a conventional form. Defendant was in no case misled. These words stated a valid assignment, and brought the indictment within the statutory requirement. The statute punishing forgery applies by its terms to instruments which are not negotiable, as well as to negotiable instruments. See sections 5051, 5060, R. L. 1905. The bill of lading was an "instrument or writing" within the matter stated in the statute.

Affirmed.